2

Mark A. Wolff (175570)
WOLFF & WOLFF
8861 Williamson Drive, Suite 30
Elk Grove CA 95624
Phone: (916) 714-5050
Fax:   (916) 714-5054
e-mail: attorneys@wolffandwolff.com

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| D. Brent Jack | Case #: 15-27153-C-13C<br>Chapter: 13<br>DC #: WW-2 |
| | Date: May 3, 2016<br>Time: 2:00 p.m.<br>Courtroom: U.S. Bankruptcy Court<br>Department C<br>Courtroom 33, 6th Floor<br>501 I Street<br>Sacramento, CA 95814 |

MOTION TO CONFIRM FIRST AMENDED CHAPTER 13 PLAN

Debtor, by and through his attorney Mark A. Wolff of Wolff & Wolff, hereby request that Debtor's First Amended Chapter 13 Plan be confirmed as follows:

1. Debtor filed this case on or about September 11, 2015.

2. Debtor has prepared a First Amended Chapter 13 Plan for the purpose of adjusting payments based upon the reclassification of funds which were held by Debtor's prior attorney Illya Hooshang Brrmand. Debtor has therefore changed the classification of James and Linda Hollaway to Class 3 and Debtor has added an additional provision which provides that:

Page 1

Debtor has made a total of $71,868.50 in payments to the chapter 13 Trustee as of March 11, 2016. Creditor, Hollaway, has filed an adversary proceeding alleging that $69,868.50 of the plan payments represent the actual monies of the adversary Plaintiff. Debtor does not contest the allegation that $68,922 which was paid to the Chapter 13 Trustee through Debtor's prior attorney are funds which were given to Debtor by Creditor Hollaways. The remainder of the $68,922 (after deduction of trustee's fees if applicable) shall be paid to the Creditor Hollaways. (Debtor believes that trustee's fees are not applicable to such receipt of distribution as the ownership of the funds in question was uncertain and it is now agreed that the funds were property of Creditor Hollaways)

Such amended Chapter 13 Plan is being filed concurrently with this motion. Debtor supports his position that the funds held by his prior attorney were the remaining funds Debtor received from Hollaways through the Declaration of Brent Jack #2 which is being filed concurrently with this motion.

3. Debtors have filed a plan that complies with applicable law.

4. Debtors have paid any fees or charges required by the Court.

5. Debtors have proposed the Plan in good faith and not by any means forbidden by law.

6. Debtors proposed Plan provides that unsecured creditors will receive at least what they would receive in the event of a Chapter 7 liquidation. Debtor has listed all interest in assets in his amended schedules A and B. The total value of property not exempt totals $17,075.00 as Debtor has removed the exemption of the funds previously held by his attorney and which is the funds remaining from Hollaways. Debtor has priirity creditors totaling $12,643.46. Unsecured creditors shall receive no less than 44,431.54 (estimated at 1.5%). See Declaration of D Brent Jack #1.

7. All secured creditors provided for have either accepted the Plan, or Debtors will surrender the property securing their claims, or the Plan provides to pay the creditors pursuant to 11

U.S.C. § 1325(a)(5)(B). The only secured creditor provided for by the plan is El Dorado County which is being paid as a Class 2 creditor. See Plan and Declaration of D. Brent Jack #2.

8. Debtors will be able to make the payments under the Plan and comply with the Plan. Debtor filed amended schedules I and J on February 16, 2016. Debtor has projected his average business income and expenses which flucatuate monthly. See Declaration of D. Brent Jack #2.

9. Debtors have filed the petition in good faith. Debtor filed this case in an effort to resolve his debt problems. This case was filed as a result of litigation against Debtor. Debtor stipulated to relief from the automatic stay to permit Hollaways to enter a judgment while Debtor pursues this reorganization. Through this plan Debtor wishes to resolve his financial situations, including the litigation and his other general unsecured creditors. See Declaration of D. Brent Jack #2.

10. Debtors have filed all applicable tax returns.

11. Debtors' Amended plan meets the requirements set out in 11 U.S.C. §§ 1322(a), 1322(b), 1323(c), and 1325(a) for confirmation of chapter 13 plans. See Declaration of D. Brent Jack #2.

**WHEREFORE**, Debtor requests that his First Amended Chapter 13 Plan be confirmed.

Respectfully submitted,
Wolff & Wolff

By_____
Mark A. Wolff

Page 3